NO. 25-1657

# United States Court of Appeals

*for the*

# Fourth Circuit

TONY A. MESSER; KEVIN N. MUMPOWER; JANICE L. BOOHER;
PATRICIA C. EADS; PHILIP E. BARBROW; BENJIE G. HICKS; KENDALL
W. LUTTRELL; DARRELL G. MURRAY; DAVID A. STOVALL; DENNIS J.
STILTNER; TIMOTHY M. WAMPLER; MICHAEL L. PARKER; CHARLES
E. VESTAL; JIMMY AMBERGEY; DAVE S. BOOHER; LARRY RICHARDS,
on behalf of themselves and on behalf of others similarly situated,

*Plaintiffs-Appellants,*

– v. –

GARRISON INVESTMENT GROUP, LP; JOSEPH B. TANSEY; STEVEN
SCOTT STUART; GIG GP LLC; JTSS BORROWER LLC; JOSHUA BRANDT;
JULIAN WELDON; BRIAN STEVEN CHASE; GARRISON SPECIAL
OPPORTUNITIES GP LLC; GARRISON COMMERCIAL FUNDING VIII
LLC; GARRISON FINANCIAL ASSETS MM LLC; GARRISON SPECIAL
OPPORTUNITIES HOLDINGS GP LLC; BCPI ACQUISITIONS, INC;
GARRISON BRISTOL LLC; GARRISON BRISTOL HOLDINGS LLC,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA AT ABINGDON

## OPENING BRIEF OF APPELLANTS

MARY LYNN TATE
TATE LAW PC
16006 Porterfield Highway
Abingdon, Virginia 24210
(276) 628-5185

*Attorney for Plaintiffs-Appellants*

# Table of Contents

1. Table of Authorities ....................................................iii

2. Jurisdictional Statement....................................................1

3. Statement of the Issues Presented for Review.....................4

4. Statement of the Case....................................................4

5. Statement of Facts ........................................................9

6. Summary of Argument..................................................16

7. Standard of Review........................................................18

8. Argument......................................................................19

    A. The District Court has Subject Matter Jurisdiction.........18

    B. This Claim is Not Time-barred....................................23

    C. The Trial Court Failed to Apply Rule12(B)(6) ..........27

    D. The Trial Court Erred in Holding that to "Pierce Corporate

        Veil is "Independent Cause of Action........28

  9. Conclusion............................................................ .....30

10. Request for Oral Argument...........................................

11. Certificate of Compliance..............................................

# Table of Authorities

## Cases

*Alman* v. *Danin*,
  801 F.2d 1 (1st Cir. 1986) ............................................................................ 7

*American Bell Inc. v. Federation of Tel. Workers of Pa.*,
736 F.2d 879, 887 (3d Cir. 1984). ...............................................9

*American Well Works v. Layne*,
241 US 257 (1916),........................................................... **22**

DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co,
540 F.2d 681 (4th. Cir.1976)...........................................................................7

*Erickson v. Pardus*,
127 S. Ct. 2197, 167 L.Ed.2d 1081, 551 U.S. 89, 75 (2007)..............20

First National City Bank v. Banco Para el Comercio Exterior
de Cuba, 462 U.S. 611, 630, 103 S.Ct. 2591, 2602, 77 L.Ed.2d 46 (1983)...................19

*Jenkins v. McKeithen*,
395 U.S. 411, 422 (1969)......................................................20, 29

Johnson v. Mueller,
415 F.2d 354 (4th Cir. 1969)......................................................20

*Keffer v. H.K. Porter Co.*,
872 F.2d 60, 65 (4th Cir. 1989)...................................................17

*Lumpkin v. Envirodyne Industries, Inc.*,
933 F.2d 449, 460 (7th Cir. 1991); cert. denied, 112 S.Ct. 373,
116 L.Ed.2d 324 (1991)...............................................................2

*Messer v. Bristol Compressors Int'l., LLC*, (Messer I)
No. 1:18-CV-00040, WL 1472217, (W.D. Va. Mar. 26, 2020)......*passim*

*Messer v. Bristol Compressors Int'l., LLC*, et al.
No. 21-2363, 2023, WL 2759052 (4th Cir. Apr.3, 2023, (unpub)....*passim*

*Messer v. Garrison Investment Group, LP,* (Messer II)
1:24-cv-00037-JPJ-PSM
2025...............................................................................*passim*

*Osborn v. Bank of the United States,*
  22 US 738 (1824) ........................................................................ 20

*Peacock v. Thomas,*
  516 U.S. 349 (1996)     ........................................................23

*Pearson v. Component Tech. Corp.,*
247 F.3d 471, 495 (3d Cir. 2000)................................................29

*Taylor v. Standard Gas Co.,*
306 U.S. 307, 322, 59 S.Ct. 543, 550, 83 L.Ed. 669 (1939)...............19

*United States v. Bestfoods,*
524 U.S. 51, 69 (1998)..................……...............................................9

**Statutes**

29 U.S.C. § 1001-1461, Employee Retirement Income Security Act
                    (ERISA). ...........................................*passim*

29 U.S.C. §1132....................................................3, 8, 16, 19, 20

29 U.S.C. §1132 (a) (3)(B)..........................................................

29 U.S.C. §§ 2101-2109 Worker Adjustment and Retraining Act 1988
                    ("the WARN Act").......................*passim*

29 U.S.C. § 2101 (a) (5)..............................................................

29 U.S.C. § 2102...................................................................29
29 U.S.C. § 2104 (a)(1)(2)............................................................

29 U.S.C. § 2105.................................................................21

29 U.S.C. § 2104 (a)(5)...........................................................

**Rules** Fed. R. Civ. P. (12)(b)(2), (b)(6)................................4, 27

**Regulations**

20 C.F.R. S 639.3(a)(2)........................................................16

# I. Jurisdictional Statement

Garrison, a New York private equity firm, is directly liable to plaintiffs for judgments owed them for WARN Act damages and ERISA severance benefits incurred by the operation and liquidation of its subsidiary Bristol Compressors International, LLC Garrison was initially sued as owner and single employer of BCI under 29 U.S.C. § 2104 (a) (1)-(2), Worker Adjustment and Retraining Act of 1988 ("the WARN Act") in the prior action described here:

The plaintiffs are the Class Member employees in the class action filed against this defendant, Garrison Investment Group LP (Garrison) and its subsidiary, Bristol Compressors Intern., LLC (BCI) and certified in *Messer v. Bristol Compressors Intern., LLC, et al.,* No. 1:18CV00040, 2020 WL 1472217 (W.D. Va. Oct. 2018,) *(Messer I)*. That litigation was filed with claims for back pay and defined benefits damages for failure to give the requisite 60 days' notice of closing to the 400+ employees at the BCI compressor manufacturing facility in Bristol, Virginia. Plaintiffs also claimed benefits under the Severance Pay Plan (SPP) later determined by this Circuit Court to be an ERISA plan, not properly terminated under the statute, therefore still in effect and owed at the

1

time of closing. *Messer v. Bristol Compressors Int'l., LLC,* No. 21-2363, 2023, WL 2759052 (4th Cir. Apr.3, 2023) (unpub.) The trial ruled the plan was terminated and granted summary judgment to defendants. *Messer I*, ECF No. 109, p.38.

After remand of the severance pay issue Plaintiffs received multiple judgments in the district court for these claims approximating four million dollars. JA 12, ¶ 3-7.

Because BCI had been sold by Garrison without payment of the WARN Act back pay and severance, and because our Supreme Court has declared:

> "Courts will allow plaintiffs to pierce the corporate veil to impose liability on a defendant who unjustly seeks protection in the corporate form. The *alter ego doctrine is a sword, not a shield, the basis for a cause of action,* not a defense." *Lumpkin v. Envirodyne Industries, Inc.,* 933 F.2d 449, 460 (7th Cir. 1991); cert. denied, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991).

…. Plaintiffs timely filed this action against Garrison on August 29, 2024, within 3 years of receiving this Court's opinion decided April

3, 2023, giving "actual knowledge" that this plan was an ERISA plan and was not terminated as ruled by the district court. JA.9

Plaintiffs seek to collect these benefits under ERISA 29 U.S.C. §1132 (a)(1)(B) and the WARN Act, 29 U.S.C. § 2104 (a) (1)-(2), directly from the entity that is owner, co-employer, lender and fiduciary using the theory of piercing the corporate veil due to the illegal failure to pay and collect what is justly owed under federal legislation. JA. 10, 11, 16.

The trial court has jurisdiction to hear this case under 28 U.S.C. §1331 as these are plainly federal questions arising under federal legislation.

Garrison filed its motion to dismiss based on Fed. Rule 12 (b)(6) and 12 (b)(1) and (2). JA. 39. On May 14, 2025, the district court concluded it had no subject matter jurisdiction, granted Garrison's motion to dismiss, found the suit was barred by the statute of limitations, held there were no ERISA violations and Garrison was "not otherwise liable" because there was no judgment against it and entered final judgment for Garrison. JA. 192. Plaintiffs filed notice of appeal on June 9, 2025, within the thirty days allowed by Federal Rule of Appellate Procedure 4(a)(l)(A). JA. 210. This Court has jurisdiction of

3

the appeal under 28 U.S.C. § 1291, as the district court's order was final. JA. 192.

## Statement of the Issues Presented for Review

1. Did the district court have subject matter jurisdiction?

2. Is the complaint time-barred?

3. Did the trial court apply Fed. R. Civ. P. 12 (b)(6) to the facts alleged?

4. Did the trial court err in holding that to "pierce the corporate veil" is an "independent cause of action" not available under ERISA and the WARN Act?

## Statement of the Case

This suit is a continuation of the prior class action, *Messer I*, for the purpose of collecting judgments directly from the owner, lender and fiduciary, Garrison, for Plaintiffs.

The facts supporting this case are all contained in the discovery of the *Messer* I case. Garrison was party to all the proceedings until discovery was completed and had participated in all briefing and argument up to that time.

4

Plaintiffs seek judgment of liability and both equitable and legal remedies directly against Garrison, its agents, related entities and individual owners as employers and fiduciaries for their "instrumentality" control, management and liquidation of BCI in violation of the WARN ACT by unjustly and illegally depriving plaintiffs of required notices of BCI plant closure, attendant backpay, stay-pay, and the unjust and unlawful denial of their vested employee benefit Severance Pay Plan (SSP) in violation of ERISA. Defendants liquidated BCI and knowingly, recklessly and intentionally distributed the receipts while failing to pay their legal and fiduciary obligations to Plaintiffs under these statutes.

*Messer I* was filed on Oct. 29, 2018 before BCI's liquidation was completed in November, 2018. *Id. ECF 1.*

Garrison Investment Group, LP ("Garrison") is a foreign limited partnership registered in Delaware. Garrison is a private equity firm with its principal place of business and mailing address reported at 1290 Avenue of the Americas, Suite 914, New York, New York 10104. Garrison was at all relevant times registered to conduct business in

Virginia, having its registered office and registered agent in Richmond, Virginia, giving the trial court personal jurisdiction. JA. 13, 16,17.

In the district court in the matter of *Messer* I., Garrison was a named defendant, alleged co-employer and acknowledged that it was the sole owner of BCI LLC. Garrison participated in the litigation by having its own counsel jointly defend the suit and provided counsel for BCI. Garrison also retained a consultant, "Restructuring Officer" to manage during the winddown and closure, and sale of BCI, its assets and equipment. JA 23. ¶59, 60.

At the close of discovery, the trial court denied Garrison's motion for summary judgment on WARN Act exemptions (faltering company, unexpected circumstances) but granted summary judgment holding the severance pay plan was terminated. Plaintiffs moved to dismiss Garrison knowing severance was off the docket at that stage. A trial set for WARN Act claims on July 19, 2021 was not attended by any defendant or counsel for BCI or Garrison. The facts of WARN Act violations, damages and amounts owed were the only evidence. *Messer* I, ECF No.,148, 149. Ultimately the trial court granted plaintiffs'

summary judgment for all WARN Act violations and entered judgment for them. JA 12.

Garrison's defense that it was not a party to the *Messer I* proceeding is form over substance because the trial court, before dismissing Garrison, noted:

> "...[D]iscovery in this case is *complete* and Garrison has participated in briefing five motions for partial summary judgment ..."   *"[T]he record is already well-established, and the parties have fully briefed the issue of Garrison's potential liability under a single employer.* (Emphasis added). *Messer I, ECF No. 109, Order, p.30.*

In the trial court's view, there would be no prejudice to Garrison and therefore dismissed Garrison without prejudice.

The trial court's rulings in *Messer* I, noted above appear to be inconsistent with the same court's basis for denying subject matter jurisdiction in this matter. These suggests absence of new issues and evidence and confirm that the two matters are definitely interrelated.

The trial court's declaration that the "record was well established" negates the application of the Peacock decision because these are not

7

new and different facts and are clearly interdependent on the *Messer I* evidence and action.

Plaintiffs brought this case because  here, the alter ego doctrine applies to the plaintiffs' allegations that Garrison used its "subsidiary" Bristol Compressors, Intl, LLC (BCI) as an instrumentality, did not capitalize it, controlled BCI finances, controlled liquidation of real estate and equipment, retaining all revenue and profits  but left BCI insolvent, failed to pay judgments for backpay and ERISA severance payments, controlled BCI finances, etc. warrant and require Plaintiffs' claim to pierce the corporate veil to enforce and  hold those in control liable for the legislative and remedial protections of these workers. JA 19, 20,21,28,29,30.

Because these statutes are remedial to protect workers in cases involving claims to benefits protected by ERISA and the WARN Act, it has been recognized that there is a federal interest supporting disregard of the corporate form to impose liability when it protects workers from their employers' attempts to deny their pension benefits. As the First Circuit made clear in *Alman* v. *Danin*, 801 F.2d 1 (1st Cir.1986), where it allowed the plaintiffs to pursue their suit against the incorporators of

8

an underfunded corporation, "ERISA cannot be said to attach great weight to corporate form," *Id.* at 3. The Fourth Circuit shares this view based on other cases seeking similar damages. See D*eWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit C*o., 540 F.2d 681 (4th Cir. 1976.)

Here plaintiffs allege jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. 2104 and 29 U.S.C. §1132 (a)(3)(B). App. Doc ECF 1, p.8. Plaintiffs allege specific violations of the WARN Act, U.S.C.§ 2104(a)(1)(2) and violations of ERISA, 29 U.S.C. §1132 (a)(1)(B) and seek both equitable and legal remedies *Id.* p.1, ¶ 2. JA 1o,11,16.

Plaintiffs' complaint here alleges that the trial court has jurisdiction of this matter, under 28 U.S.C. § 1331 and 29 U.S.C. § 2104 (A)(5). ECF Doc JA 10,16  Garrison is directly liable as owner, employer, fiduciary and lender that liquidated BCI and was defendant in *Messer I,* where it, with subsidiary BCI were:

"[d]defendants, individually and jointly, constitute employers as defined by 29 U.S.C. §2101(a)(1), for purposes of the WARN Act, because each participated in and was responsible for implementing

the plant closing structure and management decisions that form the basis of the instant action." *Messer I*, ECF No. 1, .5,6. ¶13,19

While mere ownership of a subsidiary does not justify the imposition of liability on the parent, here we also have the parent's failure to capitalize, financial control, severance fund fiduciary, lender and liquidator and seek direct liability against parent Garrison. See *United States v. Bestfoods*, 524 U.S. 51, 69 (1998); *American Bell Inc. v. Federation of Tel. Workers of Pa.,* 736 F.2d 879, 887 (3d Cir. 1984). **JA 20-22, 26,29,30.**

# Statement of Facts

In October 2018, plaintiffs filed a class action against Garrison Investment Group LP, ("Garrison"), the owner of Bristol Compressors International, LLC ("BCI" or "Bristol"), formerly Bristol Compressors International, Inc.) and Garrison owners, agents and affiliated entities and owners who managed, controlled and liquidated BCI, while violating both the Worker Adjustment and Retraining Notification Act, (WARN Act), 29 U.S.C. § 2104(a)(l)-(2) *Messer* I.

1. Plaintiffs are former employees of BCI and worked at the Bristol

Compressors manufacturing facility in Bristol Va. when Garrison's Restructuring Officer announced on July 1, 2018, it would cease operations and close. They are also members of the Class certified by this Court in the class action Messer v. Bristol Compressors International LLC et al. cited above. They and the class members they now represent are the individual employees who were given judgments against BCI by this Court entered on November 3, 2021, for, $1,392,915.40 for failure to give 60-day notice or backpay, agreed stay pay and interest.

2. After the Fourth Court of Appeals confirmed the Plaintiffs' Severance Pay Plan (SPP) had not been terminated, judgment for their severance pay was granted by the district court for the class beneficiaries. *Messer, et al. v. Bristol Compressors International, LLC, et al.*, No.21-2363, p. 8 (4th Cir. 2023) (per curiam). That decision gave "actual knowledge" to plaintiffs and this suit timely followed.

3. In that same appeal, the Fourth Circuit held that some workers had signed valid letter agreements releasing their claims under the Messer I suit, (SBLA) and full release which Garrison required be signed for the worker to receive stay bonus pay.

11

4. On January 17, 2024, the district court granted amended

judgment on behalf of these class members who were owed severance pay

totaling $2,407,471.90 for severance pay benefits plus interest. These two

judgments against BCI total $3,800,387.30.

5. An additional judgment against BCI for fees and costs for a

portion of work performed by counsel was entered on March 25, 2024 in

the amount of $277,717.81. These three judgments total $4,078,105.11.

6. No payment has been made on these judgments.

7. GARRISON INVESTMENT GROUP, LP ("Garrison") is a foreign

Limited Partnership registered in Delaware. Garrison is a private equity

firm with its principal place of business and mailing address reported at

1290 Avenue of the Americas, Suite 914, New York, New York 10104.

Garrison is and was at all relevant times relevant registered to conduct

business in Virginia, having its registered office and registered agent in

Richmond, VA. In this Court in the matter of *Messer v. Bristol

Compressors Int'l., LLC* Case No. 1:18CV00040 (W.D. Va. Mar. 2020),

Garrison was a named defendant and acknowledged that it was the sole

owner of BCI LLC. Garrison participated in the litigation by having its own counsel jointly defend the claims against it and BCI.

8. Following Garrison's purchase of BCI, it did not invest any capital in BCI. Garrison's purchase of BCI took the form of debt, a "rescue loan" to BCI to pay BCI's then outstanding debt, then "the former equity owner relinquished control to Garrison and walked away" according to a Garrison director, Brandt. Garrison structured its investment in Bristol by debt as a secured loan from the Garrison company, Garrison Commercial Funding VIII LLC, owned by Garrison, secured by all Bristol assets. BCI, Inc. was not capitalized.

9. Garrison imposed on BCI a Delegation of Authority policy restricting certain positions to specific limited resources and gave its selected Board Chair, Andrews, authority under the policies.

10. After Garrison's acquisition of BCI, the existing Employee Handbook containing company policies and employee benefits, including the Severance Pay Plan (SPP) continued to be used.

11. As its fiduciary, Garrison approved one amendment to the BCI Employee Handbook in 2014 which deleted from the SPP severance pay for employees who were employed at BCI for less

than one year. The Severance Pay Plan continued in effect with payments to employees over multiple layoffs. These defined benefits were in effect until announced terminated on July 31, 2018, when the plant closing was announced.

12.     Garrison then negotiated the terms under which a Bank, NYC, to establish and manage the line of credit from for BCI's operations for the manufacture and sale of compressors with Garrison as Guarantor.

13.  Garrison structured financial oversight so that Wells Fargo acted as Garrison's "Admin. agent" to manage BCI funds. These required BCI to provide status reports, request and receive withdrawals when certain sales and production metrics were met, the CFO was required to provide proof of specific numbers of finished products, compressors and components in inventory ready for sale before additional funds could be withdrawn. BCI vendors and other payments were made from this account upon Garrison agent approval of invoices, contracts, etc.

14.   This listing of the allegations of Garrison control reflects the elements required to pierce the corporate veil under the DOL standards. The criteria reflected in these facts include:

Common ownership -100%

Common officers/directors

BCI not capitalized.

Dependency of operations on controlled credit line with expenditure caps.

Garrison credit facility took lien on all BCI assets upon acquisition.

Restricted banking access to operating funds, managed by Garrison retained third party.

Total financial dependence; no unencumbered assets.

Garrison selected and appointed Chair of Board, Andrews

Garrison selected Management Board Members including Garrison employee/officer Brandt.

Garrison Chief Financial Officer and Chief Compliance Officer Chase served same positions for BCI LLC with Garrison Bristol, LLC.

Garrison selected restructuring/liquidation manager: authorized shutdown, liquidation, but no 60-day notices to employees and no payment of defined benefit severance pay plan owed under ERISA as fiduciary of plan.

15

Garrison negotiated the JCI production contract that extended closure for added revenue.

Garrison managed final closure, liquidation sales of assets including compressor manufacturing equipment sale to a buyer in Thailand.JA 30.

Liquidation sales expected to net $28,000,000, but no liquidity applied to BCI for legal obligations to employees rather, Garrison invested in efforts to evade liability for them. JA 23.

Garrison hired counsel to defend against Plaintiffs' ERISA and WARN Act claims in the Class Action.

  -Garrison credit facility took lien on all BCI assets upon acquisition.

  -Restricted banking access to operating funds, managed by Garrison retained third party, no other bank accounts

  -Total financial dependence; no unencumbered assets.

15.    Garrison selected restructuring/liquidation consultant: directed closing, liquidation, but no 60-day notices to employees and no payment of defined benefit severance pay plan owed under ERISA as fiduciary of plan. Garrison negotiated and signed the JCI production contract that extended closure for added revenue. The initial closing letter, July 31, 2018, claimed exemptions from 30-day notice, later denied, and no appropriate notices were sent. Garrison managed final closure, liquidation sales of assets including compressor manufacturing equipment sale to a buyer in Thailand.

16. Liquidation sales expected to net $28,000,000, but no liquidity applied to BCI/Garrison for legal obligations to employees rather, Garrison invested in efforts to evade liability for them. JA

17. BCI engineers sought and developed new compressor technology to improve product and sales but were repeatedly thwarted by Garrison's refusal to provide financing. JA

The Fourth Circuit has identified a number of factors to consider in determining whether to pierce the corporate veil, among them, *gross undercapitalization* of the subservient corporation. *Keffer v. H.K. Porter Co.*, 872 F.2d 60, 65 (4th Cir. 1989) (citations omitted). The Dept of Labor (DOL) factors include: (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations. 20 C.F.R. S 639.3(a)(2). Note that Garrison meets 1,2,3 and 5, along with a major factor always considered: No capital to subsidiary BCI.

# Summary of Argument

The district court has subject matter jurisdiction over this suit as plaintiffs allege federal questions under 28 U.S.C §1331 (federal question): 28 U.S.C. § 1331 provides that:

17

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, *laws*, or treaties of the United States." Because Plaintiffs allege violations under these laws, the district court has jurisdiction: 29 USC §2104(a) (1)(A) (backpay) and (B) (benefits) under WARN Act, and 29 USC § 1132 (a)(3) (B) (ERISA) for ERISA violations and equitable relief. Warn Act jurisdiction, 29 USC 2104 (a)(5). JA. Complaint, [ERISA supplies subject matter jurisdiction here because plaintiffs also allege ERISA violations]. JA

This case is not barred by any applicable statute of limitations. The claim for severance benefits under ERISA has a 3-year limit for filing a claim from the date of receiving "actual knowledge" of such claim. 29 U.S.C. §1113. The district court removed severance from the class action notice and granted summary judgment it was terminated. This encompasses the defined benefits recoverable under the WARN Act and ERISA, (They are one and the same.)

Plaintiffs had no "actual knowledge" of the status of the severance plan while the *Messer* I case was pending and this issue was pending before the 4th Circuit of Appeals to determine whether the severance was owed under the SPP and whether it was terminated. That did not

18

occur until the parties received this Court's opinion of April 23, 2023, finding that the SPP was an ERISA governed plan and it was not terminated at the time the benefits vested with BCI's closing decision on July 31, 2018. *Messer v. Bristol Compressors Int'l., LLC,* No. 21-2363, 2023, WL 2759052 (4th Cir. Apr.3, 2023) (unpub.). The case was remanded to the district court for additional proceedings.

This opinion also answered the same question under the WARN Act, 29 USC §2104(a)(1)(B) (benefits under defined benefit plan).

The statute of limitations for plaintiffs' claims accrued on that date, April 23, 2023 and this case was timely filed on August 29, 2024.

There is no litmus test in the federal courts governing when to disregard corporate form. The Supreme Court has, however, provided some guidance, stating that "the doctrine of corporate entity, recognized generally and for most purposes, will not be regarded when to do so would work fraud or *injustice*." *Taylor v. Standard Gas Co.*, 306 U.S. 307, 322, 59 S.Ct. 543, 550, 83 L.Ed. 669 (1939). See *First National City Bank v. Banco Para el Comercio Exterior de Cuba,* 462 U.S. 611, 630, 103 S.Ct. 2591, 2602, 77 L.Ed.2d 46 (1983).

## Standard of Review

19

When ruling on a Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 167 L.Ed.2d 1081, 551 U.S. 89, 75 (2007). When ruling on a motion to dismiss, "the material allegations of the complaint are taken as admitted…and the complaint is to be liberally construed in the favor of plaintiff." *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969). All reasonable inferences must be liberally drawn in favor of the non-moving party, in this case, the plaintiffs. See *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969).

## Argument

## A. Did the district court have subject matter jurisdiction?

The District Court erred by ruling it had no subject matter jurisdiction in this matter.

Plaintiffs allege that the district court had federal-question jurisdiction under 28 U.S.C. § 1331 (federal question); 29 U.S.C. § 1132 (a) (3) (B) (ERISA); and 29 U.S.C. § 2104. (WARN Act).

28 U.S.C. § 1331 provides that:

20

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, *laws*, or treaties of the United States."

For federal question jurisdiction to exist, the requirements of 28 USC §1331 must also be met. This statute gives federal courts jurisdiction only to those cases which "aris[e] under" federal law. The Supreme Court has found that a "*suit arises under the law that creates the cause of action*," *American Well Works v. Layne*, 241 US 257 (1916).

Under Article III of the Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." US Const, Art III, Sec 2. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear *any case in which there is a federal ingredient*. *Osborn v. Bank of the United States*, 22 US 738 (1824).

In addition, this Court has subject matter jurisdiction over this suit as plaintiffs allege those federal questions specifically under 28 USC section 1331(federal question), 29 USC §2104a) (1)(A) (backpay) and (B)(benefits) WARN Act, and 29 USC § 1132 (a)(3) (B) (ERISA) for ERISA violations and equitable relief. It provides, "A civil action may be

21

brought-by a participant or beneficiary …to recover benefits due to him under the terms of his plan…" *Id.* [ERISA supplies subject matter jurisdiction here because plaintiffs also allege ERISA violations].

Warn Act jurisdiction, 29 USC 2104 (a)(5) creates the "cause of action" for a WARN Act suit:

> (5)A person seeking to enforce such liability, including a representative of employees or a unit of local government aggrieved under paragraph (1) or (3), *may sue either for such person or for other persons similarly situated, or both, in any district court of the United States* for any district in which the violation is alleged to have occurred, or in which the employer transacts business. *Id.* (Emphasis added.)

While the WARN Act has the "exclusivity of remedies" provision for specific breaches of the Act, it also has a broader provision that includes such matters as trying to collect what you are owed.

> (b)Exclusivity of remedies: The remedies provided for in this section shall be the exclusive remedies for any violation of this chapter. Under this chapter, a Federal court shall not have authority to enjoin a plant closing or mass layoff. *Id.*

The WARN Act also contains this provision:

29 U.S. Code § 2105, provides: Procedures in addition to other rights of employees—The rights and remedies provided to employees by this chapter are in addition to, and not in lieu of, any other contractual or statutory rights and remedies of the employees, and are not intended to alter or affect such rights and remedies, except that the period of notification required by this chapter shall run concurrently with any period of notification required by contract or by any other statute.(Pub. L. 100–379, § 6, Aug. 4, 1988, 102 Stat. 894.)

The trial court held that

"Because the complaint seeks only to enforce the previous judgment against Garrison, which was never found liable for the WARN Act or ERISA violations, this court does not have subject-matter jurisdiction over the claim, and it must be dismissed without prejudice". Order p.9

The district court plainly has subject-matter jurisdiction. Its analysis of the claims is a different matter.

In addition, the trial court's declaration that the "record was well established" in *Messer I* negates the application of the *Peacock* decision because these are not new and different facts and are clearly

23

interdependent on the *Messer I* evidence and action. *Messer I, ECF No. 109, Order, p.30.*

In addition, we note that the facts alleged may be read by some to fall perfectly into the defendants' argument that they and BCI were separate entities. That scenario grants the district court and this Court enforcement jurisdiction over Plaintiffs' judgments because the facts alleged show that Garrison sold all BCI resources and kept the money, taking with them, the money owed to Plaintiffs for their back pay, stay pay and ERISA benefits. Plaintiffs seek to collect that money from the defendant entities who took it. The trial court has the jurisdiction and power to order it disgorged from these defendants.

Ultimately the trial court relies on the decision in *Peacock v. Thomas,* 516 U.S. 349 (1996) to deny jurisdiction. This action is based totally on *Messer* I discovery and facts, not on a theory that requires proof on facts and theories significantly different from those underlying the judgment. For the same reason they are interdependent.

The Court of Appeals in its April 3, 2023 opinion found that there was a violation of ERISA. While this Court did not characterize the actions as "violations" it made clear by its ruling that Garrison had

24

not followed the Plan or ERISA statute's requirement that amendments must be in writing articulating the change, placed in the Plan itself and published for beneficiaries to be made aware of the change. This is obviously *a violation* of the statute's requirements. Garrison, the Plan fiduciary, also falsely reported to the Plan's beneficiaries-plaintiffs that the severance Pay Plan had been terminated and did not pay them.

This is most obviously a violation of ERISA, likely 3 violations. Garrison is by no stretch a "successor." Garrison is the directly liable owner, fiduciary, lender and co-employer from the start. And Garrison received and took all the money from the BCI liquidation.

## B. Is this claim time-barred?

Defendants and the trial court held the statute of limitations has run on plaintiffs' claims for collecting ERISA severance payments and WARN Act damages awarded by the trial court on November 3, 2021 (WARN Act) and January 17, 2024, (Severance pay under ERISA.)

It is not time barred. The district court erroneously fails to apply the ERISA three-year statute of limitations when these plaintiffs had no "actual knowledge" of the breach or violation" or that they would

25

receive severance under ERISA. 29 USC §1113 until April 3, 2023 because the district removed it from the Class Notice and held it was terminated.

The *Messer* I complaint filed October 19, 2018, sought the severance pay under WARN Act 29 U.S.C. 2104 (a) making lost benefits recoverable. That would not be possible because the district court previously ruled that "*no potential class member is entitled to recover damages under the defendants' severance plan*" and ordered any reference to severance damages removed from the proposed Class Action Notice, saying "*the Notice will not refer to severance pay* as a possible element of damages." Messer I, ECF No.117 p. 1-2, May 13, 2020, *Messer v. Bristol Compressors Int'l., LLC*, No.1:18-CV-00040, WL 1472217, (W.D. Va. Mar. 26, 2020).

Given the trial court's position and order, plaintiffs had no way of knowing whether the Severance Pay Plan had been terminated lawfully or whether it was an ERISA plan controlled by statute that they should receive. Plaintiffs appealed to this Court.

This Circuit Court's decision *Messer v. Bristol Compressors Int'l., LLC,* No. 21-2363, 2023, WL 2759052 (4th Cir. Apr.3, 2023) (unpub.) was

the news that the Plan was governed by the ERISA statutes, the Plan had not been amended properly to be terminated under the statute governing ERISA plans and that the plan was in effect at the time Garrison's agent told Plaintiffs the plan was terminated, and that no severance would be paid. Plaintiffs brought this action on August 29, 2024, clearly *within the 3-year ERISA statute of limitations* from April 23, 2023. 29 U.S.C. §1113.

The District Court erroneously failed to apply the ERISA three-year statute of limitations when these plaintiffs had no "actual knowledge" of the breach or violation" under ERISA, 29 USC §1113 until April 3, 2023, when this Court definitively determined that the SPP was a defined benefit plan under ERISA and its termination was a violation of ERISA plan changes. *Messer v. Bristol Compressors Int'l, LLC,* No. 21-2363, 2023 WL 2759052 (4th Cir. Apr. 3, 2023) (unpub).

This statute of limitations against the fiduciary has not run. Garrison's fiduciary obligations here are contractual in the written severance Plan., essentially a contract. When the 4th Circuit ruled it is effect on April 23, 2023, the claim accrued otherwise, Plaintiffs have the

27

Virginia 5-year contract statute of limitations and have filed within that time if we use the trial court's final order entry as it suggests, January 17, 2024.

## C. The trial court failed to apply Fed. R. Civ. P. 12 (b)(6) to the facts alleged

The complaint states a valid claim unchallenged. Plaintiffs' allegations are facially plausible in that they allow the Court to draw the reasonable inference of de facto control and responsibility for the action failing to pat the legal obligations to plaintiffs.

The district court ignored the complaint's factual allegations that, if credited as true, plainly reveal Garrison an "otherwise liable" entity for failure to pay ERISA severance plan obligations and damages owed under the WARN Act.

The Complaint details more than 80 paragraphs of facts that summarize the elements of Garrison's "instrumentality" control exercised over BCI and its liquidation and dissolution. The DOL five factor test elements are apparent.

Defendants provide no basis that would cause the court to abandon the rule that the material allegations of the complaint are

taken as admitted...and the complaint is to be liberally construed in the favor of plaintiff." *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969). Defendants' papers do not address any of the fundamental pleading requirements under Rule 12 (b)(6) which solidly appear in the complaint.

D. The Trial Court Erred in Holding that to "Pierce the Corporate Veil" is an "Independent Cause of Action" *Not Available* under ERISA and the WARN Act

Of great concern, the trial court also held that:

> "Since it has already been established that *neither ERISA, nor the WARN Act have independent causes of action to pierce the corporate veil* the date that final judgment was entered...is irrelevant." p.14 (January 17, 2024).(for statute of limitations purposes). JA 205.

This position has no basis in fact or jurisprudence. Dozens of cases have protected worker funds and other interests by using the theory of piecing the corporate veil. It is known widely in the legal community as the "tool of equity." See *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 495 (3d Cir. 2000). And who among us has ever seen a statute containing

29

"piercing the corporate veil is one of your remedies"? It is not a cause of action. A legal claim that seeks to "pierce the corporate veil" is a *theory of liability* in the context of two or more related potentially liable entities.

Piercing the Corporate Veil is NOT a cause of action.

## CONCLUSION

The Complaint filed in this matter properly pleads a cause of action seeking payment of the plaintiffs' judgments for their ERISA benefits and damages under the WARN Act using the theory to pierce the corporate veil. The pleading alleges direct liability of defendant Garrison, the owner, fiduciary, lender and liquidator and funds receiver.

The district court has subject-matter jurisdiction over the claims made and they were timely filed.

Plaintiffs respectfully seek reversal of the district court's dismissal of the complaint on all grounds asserted and judgment for plaintiffs, with order for Garrison liability, disgorgement and payment of the judgments sought.

**PLAINTIFFS BY COUNSEL**

/s/ Mary Lynn Tate

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

Mary Lynn Tate (VSB No. 16085)
TATE LAW P.C.
211 West Main St. 2d. Flr.
P.O. Box 807
Abingdon, Virginia, 24212
276-628-5185
276-608-9185
mltate@tatelaw.com
    *Counsel for Plaintiffs-Appellants*

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

## Request for Oral Argument

Appellants, by counsel, respectfully request oral argument in this
matter.

/s/ Mary Lynn Tate

Mary Lynn Tate (VSB No. 16085)
TATE LAW P.C.
211 West Main St. 2d. Flr.
P.O. Box 807
Abingdon, Virginia, 24212
276-628-5185
276-608-9185
mltate@tatelaw.com
*Counsel for Plaintiffs-Appellants*

## Certificate of Compliance

31

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. __25-1657__   Caption: __Tony Messer v. Garrison Investment Group, LP__

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2) & 40(d)(3).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✔] this brief or other document contains _____5664_____ [state number of] words

[ ] this brief uses monospaced type and contains _____ [state number of] lines

This brief or other document complies with the typeface and type style requirements because:

[✔] this brief or other document has been prepared in a proportionally spaced typeface using
MS Word _____ [identify word processing program] in
Century Schoolbook, 14 point _____ [identify font size and type style]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using
_____ [identify word processing program] in
_____ [identify font size and type style].

(s) Mary Lynn Tate _____

Party Name appellants _____

Dated: 9/5/2025 _____